**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 17 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

EWING HIRATA VISE,

    Defendant-Appellant.

No. 01-6028
(Western District of Oklahoma)
(D.C. No. 98-CR-81-M)

**ORDER AND JUDGMENT**[*]

Before **HENRY**, **BRISCOE***,* and **MURPHY**, Circuit Judges.

## I. INTRODUCTION

Appellant Ewing Hirata Vise pleaded guilty to drug and firearm charges. Vise challenges his sentencing under the United States Sentencing Guidelines on the ground that *Apprendi v. New Jersey* requires all facts relevant to sentencing under the guidelines be submitted to a jury and proved beyond a reasonable doubt.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Because a panel of this court has already rejected the applicability of *Apprendi* to the Sentencing Guidelines, we **affirm** the sentence.

## II. FACTS

Ewing Hirata Vise pleaded guilty to manufacturing methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, and possession of a firearm as a felon, in violation of 18 U.S.C. § 922(g)(1). On the drug count, he was given a life sentence under the mandatory sentencing provisions of 21 U.S.C. § 841(b), in part based on the quantity of drugs involved in prior drug convictions. Mr. Vise received a concurrent ten year sentence on the firearm count.

Vise appealed the sentence. During the pendency of the appeal, this court decided in *United States v. Santos* that the mandatory sentencing provisions of 21 U.S.C. § 841(b) apply only by consideration of the drug amount for the current conviction, not "relevant conduct" drug quantities. 195 F.3d 549 (10th Cir. 1999). Vise's drug sentence was vacated and the case remanded to the district court for resentencing. *United States v. Vise*, 211 F.3d 1279, 2000 WL 485174 (10th Cir. 2000) (unpublished).

Just after remand, the United States Supreme Court issued its opinion in *Apprendi v. New Jersey*, 120 S.Ct. 2348 (2000). *Apprendi* held that "any fact which increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to the jury, and proved beyond a reasonable doubt." 120 S.Ct.

at 2362.  The district court ordered briefing on the impact of *Apprendi* on Vise's

sentencing.  Vise did not provide the district court with briefing.

The district court resentenced Vise.  The guideline sentence range was 155-

188 months.  Vise received 188 months in prison and 6 years supervised release

on the drug charge.

Vise contends that *Apprendi* requires that any factor which increases his

guideline sentence range be alleged in the indictment, submitted to the jury, and

proved beyond a reasonable doubt.

## III. DISCUSSION

Vise did not present this argument to the district court.  Normally, failing to

make below a specific objection to sentencing precludes appellate review. *United

States v. Gilkey*, 118 F.3d 702, 704 (10th Cir. 1997).  Because, however, the

applicability of *Apprendi* to the sentencing guidelines is "'a legal question

involving application'" of the guidelines, we review the sentence for plain error.

*Id.* (quoting *United States v. Ciaponi*, 77 F.3d 1247, 1252 (10th Cir. 1996)).

In *United States v. Sullivan*, this court held that *Apprendi* "does not apply

to sentencing factors that increase a defendant's guideline range but do not

increase the statutory maximum." 255 F.3d 1256, 1265 (10th Cir. 2001).  Vise

concedes that *Sullivan* is dispositive, but wishes to raise the question of the

applicability of *Apprendi* to preserve the issue for appeal to the United States

Supreme Court. This panel can not overrule circuit precedent. *Berry v. Stevinson Chevrolet*, 74 F.3d 980, 985 (10th Cir. 1996). Accordingly, the sentence was not in error.

The sentence imposed by the United States District Court for the Western District of Oklahoma is AFFIRMED.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge