**F I L E D**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**TENON CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

WALLACE RAYMOND CROOKS,

    Defendant-Appellant.

No. 05-1118

(D. of Colo.)

(D.C. Nos. 04-S-2545 &
00-CR-439-S)

**ORDER DENYING CERTIFICATE OF APPEALABILITY** *

Before **KELLY** , **O'BRIEN** , and **TYMKOVICH** , Circuit Judges. **

Wallace Raymond Crooks seeks a Certificate of Appealability (COA) to appeal the district court's dismissal of his initial 28 U.S.C. § 2255 petition. The district court dismissed the petition on the ground the petition was not timely, as it was filed more than one year after the date his judgment became final. *See* 28

---

    * This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders; nevertheless, an order may be cited under the terms and conditions of 10th Cir. R. 36.3.

    ** After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

U.S.C. § 2255. The district court subsequently denied Crooks' motion to reconsider and his petition for a COA.

We may only issue a COA if Crooks "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Because the district court denied Crooks' petition on purely procedural grounds, we may issue a COA if he demonstrates both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Crooks argued below that he is entitled to equitable tolling of the limitations period because his failure to timely file the petition was due to "excusable neglect." Section 2244(d)'s statute of limitations may be subject to equitable tolling when extraordinary circumstances beyond the prisoner's control prevent him from timely filing his application. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). However, equitable tolling is implicated only in "rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). Crooks must show he has diligently pursued his claims to avail himself of equitable tolling. *See Miller*, 141 F.3d at 978. In determining whether "jurists of reason" would find an issue debatable, we may not engage in a "full consideration of the factual or legal bases adduced in support of the claims," but rather we

merely conduct "an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

Having thoroughly reviewed Crooks' brief and the record on appeal, we conclude Crooks has failed to make a substantial showing of the denial of a constitutional right. [1] We agree with the district court's analysis, contained in its December 17, 2004 and January 20, 2005 Orders. In the former, the district court correctly determined Crooks' § 2255 petition had to be filed by November 12, 2004 and that Crooks' failure to file the petition until December 5, 2004 rendered it untimely. In the latter, the district court correctly concluded Crooks failed to demonstrate the extraordinary circumstances beyond his control necessary to justify equitable tolling. Accordingly, we find no issues that would be debatable among jurists.

Therefore, we DENY Crooks' request for a COA for substantially the same reasons set forth by the district court, and DISMISS this appeal.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge

---

[1] We also note that Crooks' brief on appeal asserts his sentence violates *Blakely v. Washington*, 542 U.S. 296 (2004) and *United States v. Booker,* 125 S. Ct. 738 (2005). However, neither *Blakely* nor *Booker* are retroactive and do not apply to cases on collateral review. *See United States v. Bellamy*, 411 F.3d 1182, *5 (10th Cir. June 16, 2005).