F I L E D
United States Court of Appeals
Tenth Circuit

June 27, 2005

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

MICHAEL M. CARRASCO,

     Defendant-Appellant.

No. 04-2332
(District of New Mexico)
(D.C. No. 04-CV-1129)

**ORDER**

Before **BRISCOE**, **LUCERO**, and **MURPHY**, Circuit Judges.

     This matter is before the court on Michael M. Carrasco's *pro se* request for a certificate of appealability ("COA"). Carrasco seeks a COA so that he can appeal the district court's denial of his 28 U.S.C. § 2255 motion. *See* 28 U.S.C. § 2253(c)(1)(B) (providing that no appeal may be taken from a "final order in a proceeding under section 2255" unless the movant first obtains a COA). Because Carrasco has not "made a substantial showing of the denial of a constitutional right," *id.* § 2253(c)(2), this court **denies** his request for a COA and **dismisses** this appeal.

Carrasco pleaded guilty to a single count of conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(b)(1)(C) and 846. On August 13, 2002, the district court sentenced Carrasco to a term of imprisonment of ninety-seven months. On September 30, 2004, Carrasco filed the instant § 2255 motion. In his motion, Carrasco asserted that the district court had improperly enhanced his sentence based on judge-found facts in violation of the Supreme Court's then-recent decision in *Blakely v. Washington*, 124 S. Ct. 2531 (2004). The district court conducted a retroactivity analysis pursuant to *Teague v. Lane*, 489 U.S. 288 (1989), and concluded that *Blakely* did not apply retroactively to initial § 2255 motions. Accordingly, the district court dismissed Carrasco's motion. Carrasco then filed a request for a COA with the district court. While the request for a COA was pending, the Supreme Court handed down its decision in *United States v. Booker*, 125 S. Ct. 738 (2005). In *Booker*, the Supreme Court applied the rule set out in *Blakely* to the United States Sentencing Guidelines. *Id.* at 756. The district court then issued an order denying Carrasco's request for a COA; the order specifically noted that the district court had taken into account the *Booker* decision in analyzing whether Carrasco was entitled to a COA.

In his filings in this court, Carrasco asserts the district court erred in concluding that *Blakely* and *Booker* do not apply retroactively to initial § 2255 motions. Carrasco's assertion is, however, foreclosed by two recent decisions of

this court. In *United States v. Price*, 400 F.3d 844, 849 (10th Cir. 2005), this court held that "*Blakely* does not apply retroactively to convictions that were already final at the time the Court decided *Blakely*, June 24, 2004." Likewise, in *United States v. Bellamy*, 2005 WL 1406176, at *4 (10th Cir. June 16, 2005), we held that "like *Blakely*, *Booker* does not apply retroactively on collateral review." Thus, *Price* and *Bellamy* make clear that the district court was correct in concluding that Carrasco could not raise his *Blakely*-based sentencing claim on collateral review.

To be entitled to a COA, Carrasco must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the requisite showing, he must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quotations omitted). In evaluating whether Carrasco has satisfied his burden, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. *Id.* at 338. Although Carrasco need not demonstrate his appeal will succeed to be entitled to a COA, he must "prove something more than the absence of frivolity or the existence of mere good faith." *Id.*

Having undertaken a review of Carrasco's application for a COA and appellate filings, the district court's orders, and the entire record before this court pursuant to the framework set out by the Supreme Court in *Miller-El*, this court concludes that Carrasco is not entitled to a COA. As this court's recent decisions in *Price* and *Bellamy* make clear, the district court's resolution of Carrasco's § 2255 motion is not reasonably subject to debate and the issue he seeks to raise on appeal is not adequate to deserve further proceedings. Accordingly, this court **DENIES** Carrasco's request for a COA and **DISMISSES** this appeal.

Entered for the Court
PATRICK FISHER, Clerk of Court

By
  Deputy Clerk

-4-