**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**July 22, 2005**

**TENTH CIRCUIT**

**PATRICK FISHER**
**Clerk**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff-Appellee, | No. 05-3060 |
| v. | (D. Kansas) |
| SHEA W. VAN KIRK, | (D.C. No. 02-CR-10185-01-MLB) |
| Defendant-Appellant. | |

**ORDER**[*]

Before **EBEL**, **McKAY**, and **HENRY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* FED. R. APP. P. 34(a)(2); 10TH CIR. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Shea Van Kirk, a federal prisoner proceeding pro se, seeks a certificate of appealability ("COA") in order to challenge the district court's denial of his motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Because Mr. Van Kirk has failed to make "a substantial showing of the denial of a

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.

constitutional right," 28 U.S.C. § 2253(c)(2), we deny his request and dismiss the appeal.

In January 2004, Mr. Van Kirk pleaded guilty to a single count of being a "felon in possession of firearms," charge in violation of 18 U.S.C. § 922(g)(1). Mr. Van Kirk did not appeal his conviction.

In October 2004, he filed a motion pursuant to § 2255 seeking to have the district court correct his sentence pursuant to *Blakely v. Washington*, 124 S. Ct. 2531 (2004) and *Apprendi v. New Jersey*, 530 U.S. 466 (2000). He alleges that his unenhanced sentencing range was 51-63 months, and that the district court improperly imposed a 120-month sentence, based on findings made by a preponderance of the evidence. The district court rejected this argument, finding nothing to suggest *Blakely* and *Apprendi* apply to defendants seeking relief under § 2255 whose convictions were final when the Supreme Court decided *Blakely* in June 2004.

We agree with the district court. We have held that neither *Apprendi*, *Blakely* nor *United States v. Booker*, 125 S. Ct. 738 (2005), announced a new rule of constitutional law made retroactive by the Supreme Court on collateral review. *See, e.g.*, *United States v. Bellamy*, No. 04-5145, 2005 WL 1406176, at *3 (10th Cir. June 16, 2005) (concluding "*Booker* does not apply retroactively to initial habeas petitions"); *United States v. Price*, 400 F.3d 844, 849 (10th Cir. 2005),

(holding "*Blakely* does not apply retroactively to convictions that were already final at the time the [Supreme] Court decided *Blakely*, June 24, 2004."); *United States v. Mora,* 293 F.3d 1213, 1219 (10th Cir. 2002) (stating that "*Apprendi* is not a watershed decision and hence is not retroactively applicable to initial habeas petitions").

Accordingly, we DENY Mr. Van Kirk's request for a COA, and DISMISS the matter.

Entered for the Court,

Robert H. Henry
Circuit Judge