**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

ALFREDO CASTRO-PINEDA,

      Defendant - Appellant.

No. 05-2113

D. New Mexico)

(D.C. No. CIV-03-1246 JC/LCS)

**ORDER**

Before **HARTZ**, Circuit Judge, **BARRETT,** Senior Circuit Judge, and **McCONNELL**, Circuit Judge.

Alfredo Castro-Pineda pleaded guilty to conspiracy to possess with intent to distribute more than 500 grams of a methamphetamine mixture and on October 21, 2002, was sentenced to 168 months in prison. He did not appeal that conviction. On October 24, 2003, he filed a habeas motion under 28 U.S.C. § 2255. That motion raised three ineffective-assistance-of-counsel claims: (1) counsel failed to argue to the district court that a firearm found in his home was unrelated to the drug activity and could not be used to enhance his sentence; (2) counsel failed to convince the court that he met the safety-valve requirements of 18 U.S.C. § 3553(f); and (3) counsel failed to object to the presentence report and move for a two-level reduction based on his role as a "minor participant." The

government responded to these claims, and the case was referred to a magistrate judge who appointed counsel and set the case for oral argument.

With counsel appointed, Mr. Castro-Pineda filed an unopposed motion to vacate the scheduled oral argument so that both sides could file briefs relating to *Blakely v. Washington*, 542 U.S. 296 (2004). The magistrate judge granted the motion to vacate oral argument, and ordered Mr. Castro-Pineda to file an amended motion. The order stated that "[t]he Amended Motion may introduce new claims as well as re-introduce claims that were filed in the original [motion]. The Amended Motion may also address . . . and discuss solely whether it should be applied retroactively." R. Doc. 14. Mr. Castro-Pineda filed an amended habeas motion on September 7, 2004. The amended motion did not raise the arguments that were raised in his original *pro se* motion. Instead, the amended motion argued only that *Blakely* was retroactive and, in the alternative, that his habeas motion should be treated as a direct appeal.

The magistrate judge issued proposed findings and recommended that the habeas motion be denied because *Blakely* was not retroactive and because his case was not before the court on direct review. The magistrate judge also noted that the amended motion did not raise the issues raised in the original motion. Before the district court ruled, Mr. Castro-Pineda filed a motion to proceed *pro se*. In that motion he alleged that he had spoken with his court-appointed attorney, who

informed him that he would not be filing objections to the magistrate judge's proposed disposition. He also indicated that his attorney had a "conflict of interest" because he had failed to reintroduce the original claims. R. Doc. 22 at 2. The magistrate judge granted the motion to proceed *pro se* and gave Mr. Castro-Pineda additional time to file objections. Mr. Castro-Pineda filed his objections and also stated that the issues raised in his original *pro se* motion were abandoned without his consent.

The district court adopted the magistrate judge's proposed findings, noting that this court had ruled in the interim that *Blakely* was not retroactive. The district court also addressed the claims raised in the original motion and found that they were without merit. The district court denied a certificate of appealability (COA), which is now sought from this court.

### DISCUSSION

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This means that the applicant must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). In other words, the applicant must

show that the district court's resolution of the constitutional claim was either "debatable or wrong." *Id*. If the petition was denied on procedural grounds, the applicant faces a double hurdle. Not only must the applicant make a substantial showing of the denial of a constitutional right, but he must also show "that jurists of reason would find it debatable . . . whether the district court was correct in its procedural ruling." *Id*. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further." *Id*. Mr. Castro-Pineda has not met this burden.

We review the district court's factual findings for clear error and its legal conclusions de novo. *English v. Cody*, 241 F.3d 1279, 1282 (10th Cir. 2001). No reasonable jurist could dispute the district court's resolution of Mr. Castro-Pineda's claims. Neither *Blakely* nor *United States v. Booker*, 125 S. Ct. 738 (2005), is retroactive, *see United States v. Bellamy*, 411 F.3d 1182, 1186-88 (10th Cir. 2005), and there is no reason to consider this habeas application as a direct appeal. The district court also properly concluded that the claims raised in the original *pro se* motion were without merit.

We therefore DENY a COA for substantially the same reasons as the district court.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge