**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**November 1, 2005**

**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

　　　Plaintiff - Appellee,

v.

JOHN R. DILLON,

　　　Defendant - Appellant.

No. 04-3422
(D. Kansas)
(D.Ct. No. 04-CV-3142-CM)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **O'BRIEN**, and **TYMKOVICH**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

John Richard Dillon pled guilty to knowingly storing hazardous waste without a permit in violation of 42 U.S.C. § 6928(d)(2)(A) and 18 U.S.C. § 2 and

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

was sentenced to sixty months imprisonment. We affirmed his sentence in *United States v. Dillon*, 351 F.3d 1315 (10th Cir. 2003) (*Dillon I*). Subsequently, Dillon filed a *pro se* habeas corpus petition under 28 U.S.C. § 2255 claiming: 1) innocence; 2) failure of the government to disclose exculpatory evidence; and 3) ineffective assistance of counsel. After retaining counsel, Dillon filed a supplemental motion for relief adding a claim under *Apprendi v. New Jersey,* 530 U.S. 466 (2000) and *Blakely v. Washington*, 542 U.S. 296; 125 S. Ct. 2531 (2004).[1] The district court denied Dillon's habeas corpus petition but granted a Certificate of Appealability (COA) on the *Apprendi/Blakely* issues. Exercising jurisdiction under 28 U.S.C. § 1291 and 28 U.S.C. § 2253, we AFFIRM.

**Summary of Facts**

The full facts of the case are recounted in *Dillon I* and we need not restate them here. As to sentencing, the facts are as follows:

Dillon's presentence investigation report ("PSIR") set Dillon's

---

[1]In *Apprendi*, the Supreme Court said, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt ." *Apprendi,* 530 U.S. at 490. In *Blakely*, the Supreme Court determined "the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.*" 124 S. Ct. at 2537. While this appeal was pending, the Supreme Court issued its holding in *United States v. Booker*, -- U.S.--,125 S. Ct. 738 (2005), applying the reasoning of *Blakely* to the federal sentencing guidelines. 125 S.Ct. at 755. As a result, the Court held that mandatory application of the Guidelines violates the Sixth Amendment when judge-found facts, other than those of prior convictions, are employed to enhance a defendant's sentence. *Id.* at 755-56.

adjusted offense level at 26, with a criminal history category of II. Pursuant to USSG § 2Q1.2(a), which governs sentencing for "mishandling of hazardous or toxic substances or pesticides; recordkeeping, tampering, and falsification; unlawfully transporting hazardous materials in commerce," the base offense level was 8, to which the PSIR recommended several adjustments. One of these adjustments was a nine-level increase for an offense that "resulted in a substantial likelihood of death or serious bodily injury." USSG § 2Q1.2(b)(2). The recommendation was based on the PSIR's determination that the "storage of large quantities of ignitable hazardous waste in an urban area . . . may cause a serious explosion and fire." PSIR at 6, ¶ 18, Supp.App. for Appellee, Vol. II at 12. The recommended adjustments also included a four-level increase for an offense involving "storage . . . without a permit." USSG § 2Q1.2(b)(4). Because the adjusted offense level would result in a guideline range for imprisonment that exceeded the maximum statutory penalty of five years, the PSIR set the guideline range at the five-year statutory maximum.

Among other objections to the PSIR, Dillon challenged the § 2Q1.2(b)(2) and (4) offense level increases. The Probation Office submitted an addendum to the PSIR setting forth these objections and the government's and probation officer's responses, and the parties further addressed these objections in sentencing memoranda filed with the district court. At the sentencing hearing on July 16, 2002, the United States made a proffer of evidence in support of the facts outlined above. In response, Dillon conceded that these facts were accurate but testified that only the drums tested were in fact ignitable and that those drums were easily identifiable and segregated within the ESP facility. Dillon also testified that, despite the lack of a permit, the ESP facility was equipped with all the necessary safety equipment and warning signs and that the employees were properly trained and outfitted. This testimony was contradicted by the government's proffer of evidence to show that hazardous waste was mislabeled and safety precautions were insufficient. Considering the PSIR, the government's proffer, and Dillon's testimony, the district court found by a preponderance of the evidence that Dillon had "created a risk of serious injury to others, [including ESP] employees, innocent neighbors, firefighters and other rescue workers" because of the possibility of a fire or

explosion, and that "the risk was substantial, not from the way in which the materials were handled, but due simply to the fact that large quantities of ignitable hazardous wastes were sitting on [Dillon]'s properties." Tr. of Sentencing Hr'g at 56, Appellant's App. at 113. The court largely adopted the sentencing computation set out in the PSIR and incorporated the facts recited in the PSIR as modified by the court's own findings at the sentencing hearing. Accordingly, the court imposed a sixty-month sentence followed by three years supervised release.

*Dillon I*, 351 F.3d at 1316-18.

**Discussion**

The only issue under the COA is Dillon's claim that the enhancements to his sentence based on judicial fact-finding by a preponderance of the evidence violates *Apprendi*, *Blakely* (and now *Booker*). The district court determined that even if the Supreme Court later holds its ruling in *Blakely* does apply to the federal sentencing guidelines, the ruling would apply only to cases pending on direct appeal. **[*Id.* at A 85, 92]**

The district court's prescience was accurate. We have held that neither *Blakely* nor *Booker* applies on collateral review when the defendant's conviction was final at the time of the Supreme Court decision. *United States v. Price,* 400 F.3d 844, 845 (10th Cir. 2005) ( "*Blakely* does not apply retroactively to convictions that were already final at the time the Court decided *Blakely*, June 24, 2004."); *United States v. Bellamy,* 411 F.3d 1182, 1184 (10th Cir. 2005) (stating that inasmuch as *Booker* merely extended *Blakely* to invalidate the mandatory

provisions of the federal sentencing guidelines, it too is not retroactively applicable to cases on collateral review). The judgment accepting Dillon's guilty plea was entered July 16, 2002, and we affirmed his sentence on direct appeal on November 4, 2003. *See Dillon I.* Therefore, Dillon's conviction became final on February 2, 2004, when his time to file a writ of certiorari expired. *See Teague v. Lane,* 489 U.S. 288, 295 (1989) (plurality opinion) ("final" means "the judgment of conviction was rendered, the availability of appeal exhausted, and the time for petition for certiorari ha[s] elapsed.") (internal quotation omitted); Sup. Ct. R. 13(1) ("[A] petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered by a . . . United States court of appeals . . . is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment."). The Supreme Court decided *Blakely* on June 24, 2004. Thus, Dillon's conviction was final before the Supreme Court decided either *Blakely* or *Booker.* Accordingly, Dillon's *Blakely* and *Booker* claims are unavailing.

For the foregoing reasons, we AFFIRM.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge