**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

　　　　Plaintiff - Appellee,

v.

FRANCISCO JAVIER RUIZ-
GODINEZ,

　　　　Defendant - Appellant.

No. 05-2162

(D.C. No. CIV-05-226 LH/RLP)

(D. New Mexico)

**ORDER**[*]

Before **BRISCOE**, **LUCERO**, and **MURPHY**, Circuit Judges.

　　　Francisco Javier Ruiz-Godinez, a federal inmate appearing *pro se*, seeks to appeal the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. The matter is before this court on Ruiz-Godinez's request for a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253(c)(1)(B) (providing that no appeal may be taken from a "final order in a proceeding under section 2255" unless the movant first obtains a COA). Because Ruiz-Godinez has not made a "substantial showing of the denial of a constitutional right," this court **denies** his request for a COA and dismisses this appeal. 28 U.S.C. § 2253(c)(2)

---

[*]This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.

(providing that a COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right").

On May 4, 2001, the district court entered judgment against Ruiz-Godinez, sentencing him to a 108-month term of imprisonment for his conviction on drug conspiracy charges. Ruiz-Godinez filed the instant § 2255 motion on February 28, 2005, asserting that the district court improperly enhanced his sentence through the utilization of judge-found facts in violation of *Blakely v. Washington*, 124 S. Ct. 2531 (2004) and *United States v. Booker*, 125 S. Ct. 738 (2005). Relying on this court's decision in *United States v. Price*, 400 F.3d 844, 849 (10th Cir 2005), the district court concluded neither *Blakely* nor *Booker* applied retroactively on collateral appeal. Hence, the district court dismissed Ruiz-Godinez's motion with prejudice and granted judgment in favor of the respondent United States.

This court cannot grant Ruiz-Godinez a COA unless he can demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted). In evaluating whether Ruiz-Godinez has carried his burden, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his

claims. *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003). Ruiz-Godinez is not required to demonstrate that his appeal will succeed to be entitled to a COA. He must, however, "prove something more than the absence of frivolity or the existence of mere good faith." *Id.* (quotations omitted).

This court has reviewed Ruiz-Godinez's application for a COA and appellate brief, the district court's order, and the entire record on appeal pursuant to the framework set out by the Supreme Court in *Miller-El* and concludes that Ruiz-Godinez is not entitled to a COA. The district court's resolution of Ruiz-Godinez's claim is not reasonably subject to debate and the claim is not adequate to deserve further proceedings. This court has specifically and explicitly held that neither *Blakely* nor *Booker* applies retroactively on collateral review. *Price*, 400 F.3d at 849; *United States v. Bellamy*, 411 F.3d 1182, 1188 (10th Cir. 2005). Accordingly, Ruiz-Godinez has not "made a substantial showing of the denial of a constitutional right" and is not entitled to a COA. 28 U.S.C. § 2253(c)(2).

This court **DENIES** Ruiz-Godinez's request for a COA and **DISMISSES** this appeal.

Entered for the Court


Michael R. Murphy
United States Circuit Judge


-3-