**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff-Appellee, | No. 05-3082 |
| v. | District of Kansas |
| ANTWAUN NELSON FULTON, | (D.C. Nos. 04-CV-3347-RDR and 02-CR-40159-RDR) |
| Defendant-Appellant. | |

**ORDER**[*]

Before **HARTZ**, **SEYMOUR**, and **McCONNELL**, Circuit Judges.

Antwaun Nelson Fulton, a federal prisoner proceeding *pro se*, seeks a certificate of appealability (COA) that would allow him to appeal from the district court's order denying his habeas corpus petition under 28 U.S.C. § 2255. *See* 28 U.S.C. § 2253(c)(1)(B). Because we conclude that Mr. Fulton has failed to make "a substantial showing of the denial of a constitutional right," we deny his request for a COA, and we dismiss the appeal. 28 U.S.C. § 2253(c)(2).

---

[*]This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.

## I. Background

Mr. Fulton pleaded guilty to one count of possession of a firearm by a felon in violation of 18 U.S.C. § 922(g). In his plea agreement, Mr. Fulton waived the right to challenge his sentence under 28 U.S.C. § 2255. On October 3, 2003, the district court applied a two-level enhancement for obstruction of justice and sentenced him to 63 months imprisonment. Mr. Fulton did not file a direct appeal.

Mr. Fulton filed a motion to vacate his sentence on October 6, 2004, claiming that the sentencing proceeding violated his constitutional rights. The district court denied the motion on February 3, 2005, finding that Mr. Fulton had waived his right to habeas corpus relief under 18 U.S.C. § 2255 and that the relief he requested did not apply retroactively. On February 17, 2005, Mr. Fulton filed an "Objection to the Court's Order and/or Notice of Appeal," which the court construed as a Rule 59(e) motion and denied. After the district court denied Mr. Fulton's Rule 59(e) motion, we construed his notice of appeal and brief as an application for a COA.

## II. Claims on Appeal

The denial of a motion for relief under 28 U.S.C. § 2255 may be appealed only if the district court or this Court first issues a COA. 28 U.S.C. § 2253(c)(1)(B). A COA will issue "only if the applicant has made a substantial

showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to make such a showing, a petitioner must demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 475 (2000) (internal quotation marks omitted).

In his request for a COA, Mr. Fulton makes two challenges. First, he claims that he did not "knowingly and voluntarily" waive his right to seek collateral relief in his plea agreement. Second, he claims that the sentence imposed by the district court violated his constitutional rights by lengthening his term of imprisonment beyond the statutory maximum based on facts about obstruction of justice determined by a judge, rather than by a jury. Because Mr. Fulton's constitutional challenge lacks merit, we need not decide whether he knowingly and intelligently waived his right to collateral review.

Mr. Fulton claims that the Supreme Court's decisions in *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 543 U.S. 220 (2005), apply retroactively to invalidate his sentence. However, this Court has held that "*Booker* does not apply retroactively to initial habeas petitions." *United States v. Bellamy*, 411 F.3d 1182, 1186 (10th Cir. 2005) (denying a COA to a federal prisoner, sentenced in 2003, who raised a *Booker* challenge). Thus, Mr.

Fulton cannot challenge his sentence under *Booker*, as he was sentenced in October 2003 and raised this claim for the first time on collateral review.

## III.  Conclusion

Accordingly, we **DENY** Antwaun Nelson Fulton's request for a COA and **DISMISS** this appeal.

Entered for the Court,

Michael W. McConnell
Circuit Judge