F I L E D
**United States Court of Appeals
Tenth Circuit**

**March 24, 2006**

**Elisabeth A. Shumaker
Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

GEORGE C. JONES, JR.,

     Defendant-Appellant.

No. 05-1340
(District of Colorado)
(D.C. Nos. 04-WM-1511 and
98-CR-217-WM)

**ORDER**

Before **MURPHY**, **SEYMOUR** and **McCONNELL**, Circuit Judges.

George C. Jones, Jr., appearing *pro se*, seeks to appeal the district court's

denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence.

The matter is before this court on Jones' request for a certificate of appealability

("COA"). 28 U.S.C. § 2253(c)(1)(B) (providing no appeal may be taken from a

"final order in a proceeding under section 2255" unless the movant first obtains a

COA).

After a jury trial, Jones was found guilty of multiple counts of mail fraud,

in violation of 18 U.S.C. § 1341, and one count of wire fraud, in violation of 18

U.S.C. § 1343. He was sentenced to fifty-two months' imprisonment and three

years' supervised release. Jones' sentence reflected the trial court's application of several adjustments and enhancements pursuant to the United States Sentencing Guidelines.

Jones filed a direct appeal which was dismissed on September 10, 2001 because he was a fugitive from justice. He filed the instant § 2255 motion on July 22, 2004, asserting the trial court improperly calculated his sentence through the use of judge-found facts in violation of *United States v. Blakely*, 124 S. Ct. 2531 (2004) and *United States v. Booker*, 125 S. Ct. 738 (2005). The district court concluded Jones' motion was time-barred pursuant to the provisions of § 2255. In so ruling, the district court specifically rejected Jones' contention that his motion was timely because it was brought within one year of the Supreme Court's decision in *Blakely*. *See* 28 U.S.C. § 2255 para. 6(3) (providing that a § 2255 motion is timely if it is filed within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review"). The district court ruled that § 2255 para. 6(3) did not apply because *Blakely* is not retroactively applicable to cases on collateral review. *See United States v. Price*, 400 F.3d 844 (10th Cir. 2005); *see also United States v. Bellamy*, 411 F.3d 1182, 1188 (10th Cir. 2005) (concluding *Booker* does not apply retroactively on collateral review).

In his brief, Jones has informed this court that he is no longer incarcerated. Because the claims raised in his § 2255 motion challenge only his term of incarceration and not his underlying conviction, his application for a COA is moot. *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998). Accordingly, we **dismiss** Jones' request for a COA and all outstanding motions as moot. Jones' motion to proceed *in forma pauperis* on appeal is **denied**.

Entered for the Court
ELISABETH A. SHUMAKER, Clerk


By
      Deputy Clerk