**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**April 11, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES of AMERICA,

    Plaintiff-Appellee,

v.

JIMMY RAY JONES,

    Defendant-Appellant.

No. 05-6270
(D.C. Nos. 05-CV-781-L and
94-CR-137)
(W.D. Okla.)

---

**ORDER**

---

Before **HARTZ**, **EBEL** and **TYMKOVICH**, Circuit Judges.

---

Defendant-Appellant Jimmy Ray Jones seeks a certificate of appealability ("COA") to enable him to appeal from the district court's decision denying Jones relief under 28 U.S.C. § 2255 from his 156-month sentence imposed for a conviction for possessing methamphetamine with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1). To be entitled to a COA, a defendant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A defendant makes such a showing if it appears that "reasonable jurists could debate whether (or, for that matter, agree that) the [§ 2255 motion] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529

U.S. 473, 483-84 (2000) (quotations omitted). Jones fails to make such a showing here.

In this appeal, Jones asserts only that his sentence was imposed in violation of United States v. Booker, 543 U.S. 220 (2005), Blakely v. Washington, 542 U.S. 296 (2004), and Apprendi v. New Jersey, 530 U.S. 466 (2000). The Supreme Court, however, decided those cases after Jones' conviction and sentence had become final; that is, following the Supreme Court's decision on October 7, 1996, denying Jones' petition for writ of certiorari. See Caspari v. Bohlen, 510 U.S. 383, 390 (1994). Moreover, Booker, Blakely, and Apprendi do not apply retroactively to initial § 2255 motions like Jones' motion at issue in this case. See United States v. Bellamy, 411 F.3d 1182, 1184 (10th Cir. 2005) (holding "Booker does not apply retroactively to criminal cases that became final before its effective date of January 12, 2005"); United States v. Price, 400 F.3d 844, 849 (10th Cir.) (holding "Blakely does not apply retroactively to convictions that were already final at the time the [Supreme] Court decided Blakely, June 24, 2004"), cert. denied, 126 S. Ct. 731 (2005); United States v. Mora, 293 F.3d 1213, 1219 (10th Cir. 2002) (holding Apprendi "is not retroactively applicable to initial habeas petition"). In light of that, Jones has failed to make a substantial showing of the denial of a constitutional right. Therefore, we DENY his request for a COA and DISMISS this appeal.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge