**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**May 23, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

JASON CORY BARBER,

    Defendant-Appellant.

No. 05-2384
(D.C. Nos. CIV-05-1124 JC/KBM and
CR-97-446 JC)
(D. N.M.)

**ORDER DENYING CERTIFICATE**
**OF APPEALABILITY**

Before **KELLY**, **McKAY,** and **LUCERO**, Circuit Judges.

Jason Cory Barber, a federal prisoner appearing pro se, requests a certificate of appealability ("COA") to appeal the district court's denial of his 28 U.S.C. § 2255 habeas petition. For substantially the same reasons as set forth by the district court, we **DENY** a COA and **DISMISS**.

Having pled guilty to one count of possession with intent to distribute 100 grams or more of methamphetamine in violation of 21 U.S.C. § 841(b)(1)(B), and sentenced to 188 months in prison followed by four years supervised release, Barber appealed his sentence to this court. We affirmed. See United States v. Barber, No. 98-2106, 1999 WL 152294, at *1 (10th Cir. Mar. 22, 1999) (unpublished). In concluding that his sentence was reasonable based on his plea

agreement, our court denied all relief. Id. His petition for certiorari was denied on October 4, 1999. See Barber v. United States, 528 U.S. 864 (1999).

Following the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), Barber filed the instant § 2255 petition in federal district court raising three arguments. He argued that (1) his sentence must be vacated under Booker; (2) AEDPA's statute of limitations provisions and restriction on filing second or successive motions violates the Suspension Clause; and (3) his counsel provide ineffective assistance.

The district court rejected Barber's Booker argument because Booker is not retroactively applicable on collateral review. It dismissed Barber's ineffective assistance of counsel claim on the finding that his counsel's representation was not constitutionally deficient. It declined to address Barber's challenge to AEDPA's procedural requirements on the basis of its conclusion that Barber's substantive claims were meritless. A subsequent application for a COA was denied. Having failed to secure a COA from that court, Barber now seeks a COA from us.[1]

---

[1] Barber's petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA"); as a result, AEDPA's provisions apply to this case. See Rogers v. Gibson, 173 F.3d 1278, 1282 n.1 (10th Cir. 1999) (citing Lindh v. Murphy, 521 U.S. 320 (1997)). AEDPA conditions a petitioner's right to appeal a denial of habeas relief under § 2255 upon a grant of a COA. 28 U.S.C. § 2253(c)(2). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). This requires Barber to show "that reasonable jurists could

(continued...)

In his COA request, Barber renews Booker requires that he be resentenced. Given our holding that Booker does not apply retroactively on collateral review, we deny this request. See United States v. Bellamy, 411 F.3d 1182, 1188 (10th Cir. 2005).

Second, he contends that the district court erred by sua sponte dismissing his § 2255 petition as untimely. Although the district court noted that Barber's petition appeared to be untimely, it expressly did not deny the petition on this procedural ground. Rather, it denied his claims on the merits. As such, this argument is irrelevant.

Barber's application for a COA is **DENIED**. Barber's motion to proceed on appeal in forma pauperis is **GRANTED**.

ENTERED FOR THE COURT

Carlos F Lucero
Circuit Judge

---

[1](...continued) debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotations omitted). Because the district court denied Barber a COA, he may not appeal the district court's decision absent a grant of COA by this court.