**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 19, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOSEPH EDWARD CROMWELL,

Defendant - Appellant.

No. 06-8015

D. Wyoming

(D.C. Nos. 05-CV-242-CAB
and 01-CR-136-CAB)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **TACHA**, **HARTZ**, and **TYMKOVICH**, Circuit Judges.

Joseph Edward Cromwell pleaded guilty in the United States District Court

for the District of Wyoming to two counts of possession of methamphetamine

with intent to distribute. *See* 21 U.S.C. §§ 841(a)(1), (b)(1)(C). On March 19,

2002, he was sentenced to two concurrent terms of 200 months' imprisonment.

The United States moved for a downward departure under United States

---

[*]After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Sentencing Guidelines § 5K1.1 and Fed. R. Crim. P. 35(b) because Mr. Cromwell had provided substantial assistance to the government. On January 30, 2003, the district court granted the motion, reducing Mr. Cromwell's sentence to two concurrent terms of 135 months' imprisonment. Mr. Cromwell did not appeal the sentence.

Mr. Cromwell filed a motion under 28 U.S.C. § 2255 on September 15, 2005, asserting that (1) his sentence violated *United States v. Booker*, 543 U.S. 220 (2005), (2) the district court erred in not holding a hearing on the government's § 5K1.1 motion, and (3) a two-level sentence enhancement had prevented him from receiving drug rehabilitation during his incarceration. The district court denied the motion. Mr. Cromwell filed a notice of appeal but did not request a certificate of appealability (COA), *see* 28 U.S.C. § 2253(c)(1) (requiring COA). We construe his notice of appeal as an application for a COA, which we deny. We also deny his motion to supplement the record.

A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires "a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). In other words, the applicant must

show that the district court's resolution of the constitutional claim was either "debatable or wrong." *Id*.

Mr. Cromwell challenges the district court's denial of his § 2255 motion solely on the ground that his sentence violated *Booker*. He admits that under Tenth Circuit precedent *Booker* does not apply retroactively to criminal cases already final when it was decided, but argues that this court is wrong. We are not persuaded. No reasonable jurist could conclude that Mr. Cromwell's § 2255 motion should have been decided differently. *See United States v. Bellamy*, 411 F.3d 1182, 1186-87 (10th Cir. 2005) ("We . . . join all other circuits that have examined the question and conclude *Booker* does not apply retroactively to initial habeas petitions.")

We DENY a COA and DISMISS the appeal.

ENTERED FOR THE COURT

Harris L Hartz
Circuit Judge