**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**April 2, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

HENRY LAWRENCE BORREGO, JR.,

        Defendant - Appellant.

No. 06-6326

(W. D. Oklahoma)

(D.C. Nos. 06-CV-57-T and 01-CR-91-T)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

---

Before **LUCERO**, **HARTZ**, and **GORSUCH**, Circuit Judges.

---

Henry Borrego pleaded guilty in the United States District Court for the Western District of Oklahoma to one count of conspiracy to possess with intent to distribute five kilograms or more of cocaine. *See* 21 U.S.C § 846. He was sentenced on April 29, 2002, to 151 months' imprisonment. We affirmed his conviction on appeal. *See United States v. Borrego*, 66 F. App'x. 797, 798–800 (10th Cir. 2003). He sought a writ of certiorari from the Supreme Court, but his petition was denied on October 6, 2003. *See Borrego v. United States*, 540 U.S. 933 (2003). On January 12, 2006, Mr. Borrego filed with the district court a motion for habeas relief under 28 U.S.C. § 2255, contending that *United States v.*

*Booker*, 543 U.S. 220 (2006), required a reduction in his sentence.  The court denied the motion because (1) it was untimely under 28 U.S.C. § 2255 ¶ 6(1) (motion must be filed within one year of conviction's becoming final) and (2) *Booker* does not apply retroactively to judgments that had become final before it was handed down.  It then denied his request for a certificate of appealability (COA).  *See* 28 U.S.C. § 2253(c)(1)(B) (requiring COA to appeal denial of § 2255 motion).

On December 15, 2006, Mr. Borrego filed with this court an application for a certificate of appealability.  His brief in support of the application contends that (1) his motion was timely, as he filed it within one year of *Booker*, *see* 28 U.S.C. § 2255 ¶ 6(3) (one-year deadline runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review"); and (2) *Booker* applies retroactively to his conviction because it interpreted a federal statute.  We deny a COA and dismiss the appeal.

A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This standard requires "a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. McDaniel*, 529 U.S. 473,

484 (2000) (internal quotation marks omitted). In other words, an applicant must show that the district court's resolution of the constitutional claim was either "debatable or wrong." *Id.*

Mr. Borrego's conviction became final on the date the Supreme Court denied certiorari. *See Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987) (conviction becomes final when "a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied."). Because that date was pre-*Booker*, he cannot obtain any relief based on that decision. *See United States v. Bellamy*, 411 F.3d 1182, 1186 (10th Cir. 2005) ("We now join all other circuits that have examined the question and conclude *Booker* does not apply retroactively to initial habeas petitions."). No reasonable jurist could dispute the district court's ruling on the retroactivity issue. Thus, regardless of whether his § 2255 motion was timely, Mr. Borrego is not entitled to relief.

We DENY a COA and DISMISS the appeal. We also DENY Mr. Borrego's motion to proceed *in forma pauperis*.

ENTERED FOR THE COURT

Harris L Hartz
Circuit Judge

-3-