**F I L E D**

**UNITED STATES COURT OF APPEALS**

**December 13, 2005**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

DONALD VINCENT GRECO,

    Defendant-Appellant.

No. 05-4163
(District of Utah)
(D.C. No. 2:05-CV-141-DAK)

**ORDER**

Before **BRISCOE**, **LUCERO** and **MURPHY**, Circuit Judges.

    Petitioner, Donald Vincent Greco, seeks a certificate of appealability

("COA") so he can appeal the district court's denial of the motion to vacate, set

aside, or correct sentence he brought pursuant to 28 U.S.C. § 2255. *See* 28 U.S.C.

§ 2253(c)(1)(B) (providing that a movant may not appeal the denial of a § 2255

motion unless the movant first obtains a COA). Greco pleaded guilty to

possession of cocaine with intent to distribute and was sentenced to eighty-four

months' imprisonment and three years' supervised release. He was sentenced on

March 9, 2004 and filed the instant § 2255 motion on February 18, 2005. Greco's

§ 2255 motion contained one argument: that his sentence is unconstitutional

because it was imposed in violation of *United States v. Booker*, 125 S. Ct. 738 (2005).[1] The district court dismissed the § 2255 motion, concluding that Greco's *Booker* claim could not be raised for the first time in his § 2255 motion because *Booker* does not apply retroactively to initial habeas petitions. *United States v. Bellamy*, 411 F.3d 1182, 1188 (10th Cir. 2005); *United States v. Price*, 400 F.3d 844, 849 (10th Cir. 2005).

To be entitled to a COA, Greco must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the requisite showing, he must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 322 U.S. 322, 336 (2003) (quotations omitted). In evaluating whether Greco has satisfied his burden, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. *Id.* at 338. Although Greco need not demonstrate his appeal will succeed to be entitled to a COA, he must "prove something more than the absence of frivolity or the existence of mere good faith." *Id.*

---

[1]Although Greco relied on *Blakely v. Washington*, 542 U.S. 296 (2004), the Supreme Court applied the reasoning of *Blakely* to the federal sentencing guidelines in *Booker*. 125 S. Ct. 738, 756 (2005).

Having undertaken a review of Greco's application for a COA and appellate filings, the district court's order, and the entire record on appeal pursuant to the framework set out by the Supreme Court in *Miller-El*, this court concludes that Greco is not entitled to a COA. The district court's resolution of Greco's § 2255 motion is not reasonably subject to debate and the issue he seeks to raise on appeal is not adequate to deserve further proceedings. Accordingly, this court **denies** Greco's request for a COA and **dismisses** this appeal. Greco's motion to proceed *in forma pauperis* on appeal is **granted**.

<div style="margin-left: 45%;">

Entered for the Court
CLERK, COURT OF APPEALS


By
    Deputy Clerk

</div>