**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

CLARENCE E. SULLIVAN,

      Defendant-Appellant.

No. 05-3124

District of Kansas

(D.C. Nos. 04-CV-3226-RDR and
03-CR-40062-01-RDR)

**ORDER**[*]

Before **HARTZ**, **SEYMOUR**, and **McCONNELL**, Circuit Judges.

      Clarence E. Sullivan, a federal prisoner proceeding *pro se*, seeks a certificate of appealability (COA) that would allow him to appeal from the district court's order denying his habeas corpus petition under 28 U.S.C. § 2255. *See* 28 U.S.C. § 2253(c)(1)(B). Because we conclude that Mr. Sullivan has failed to make "a substantial showing of the denial of a constitutional right," we deny his request for a COA, and we dismiss the appeal. 28 U.S.C. § 2253(c)(2).

---

[*]This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.

## I. Background

On December 15, 2003 Mr. Sullivan pleaded guilty to one count of possession of a firearm by a felon in violation of 18 U.S.C. §§ 922(g) and 924(a)(2). In his plea agreement, Mr. Sullivan waived the right to challenge his sentence under 28 U.S.C. § 2255. On April 9, 2004, Mr. Sullivan was sentenced to a term of 120 months' imprisonment. Judgment was entered on April 16, 2004. Mr. Sullivan did not file a direct appeal.

Mr. Sullivan commenced this habeas corpus action in the district court on July 22, 2004. In his petition, Mr. Sullivan argued that he is entitled to resentencing under *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 543 U.S. 220 (2005). The district court denied the motion on February 3, 2005, finding that Mr. Sullivan had waived his right to habeas corpus relief under 18 U.S.C. § 2255 and that the relief he requested did not apply retroactively. The court also denied Mr. Sullivan's request for a COA.

## II. Claims on Appeal

The denial of a motion for relief under 28 U.S.C. § 2255 may be appealed only if the district court or this Court first issues a COA. 28 U.S.C. § 2253(c)(1)(B). A C.A. will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to make such a showing, a petitioner must demonstrate that "reasonable jurists

could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDonnell*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

In his request for a C.A. before this Court, Mr. Sullivan makes two challenges. First, he claims that his trial counsel was ineffective in allowing him to waive his right to seek collateral relief in his plea agreement. Second, he claims that the sentence imposed by the district court violated his constitutional rights by lengthening his term of imprisonment beyond the statutory maximum based on facts that he did not admit and were not proven by a jury. Because Mr. Sullivan's constitutional challenge lacks merit, we need not decide whether counsel was ineffective in allowing Mr. Sullivan to waive his right to collateral review.

Mr. Sullivan's arguments amount to a claim that we should retroactively apply *Blakey* and *Booker* to invalidate his sentence. However, this Court has held that "*Blakey* does not apply retroactively to convictions that were already final at the time the Court decided *Blakey*." *United States v. Price*, 400 F.3d 844, 849 (10th Cir. 2005). And we have held the same for *Booker*. *United States v. Bella my*, 411 F.3d 1182, 1186 (10th Cir. 2005) (*"Booker* does not apply retroactively to initial habeas petitions."). Mr. Sullivan's conviction became final on April 16,

-3-

2004, more than two months before the Supreme Court issued an opinion in

*Blakey* and well before the Court's opinion in *Booker*. Thus, Mr. Sullivan cannot

challenge his sentence under either *Blakey* or *Booker*.

Accordingly, we **DENY** Clarence E. Sullivan's request for a C.A. and

**DISMISS** this appeal.

Entered for the Court,

Michael W. McConnell,
Circuit Judge