**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**February 27, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ADAM GRABEL GUZMAN,

Defendant-Appellant.

No. 05-3092

District of Kansas

(D.C. Nos. 04-CV-3217-RDR &
00-CR-40126-RDR)

---

**ORDER** [*]

---

Before **HARTZ** , **SEYMOUR** , and **McCONNELL** , Circuit Judges.

---

Adam Grabel Guzman, a federal prisoner, seeks a certificate of appealability (COA) that would allow him to appeal from the district court's order denying his habeas corpus petition under 28 U.S.C. § 2255. *See* 28 U.S.C. § 2253(c)(1)(B). Because we conclude that Mr. Guzman has failed to make "a substantial showing of the denial of a constitutional right," we deny his request for a COA, and we dismiss the appeal. 28 U.S.C. § 2253(c)(2).

---

[*]This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.

# I. Background

On June 22, 2001, Mr. Guzman pleaded guilty to conspiracy to distribute 500 grams or more of methamphetamine in violation of 21 U.S.C. § 846 and, as part of his plea agreement, waived of his right to directly appeal or collaterally challenge his sentence. On July 16, 2002, he was sentenced to 324 months, or 27 years, in prison. In sentencing, the court considered facts that it had determined under a preponderance of the evidence standard.

Mr. Guzman filed a direct appeal to the Tenth Circuit, which this Court dismissed, holding that he had waived his right to appeal or collaterally attack his sentence and that the waiver was not unknowing or involuntary. Next, Mr. Guzman filed a motion in the district court to collaterally attack his sentence under 28 U.S.C. § 2255. The district court denied the motion because Mr. Guzman had waived his right to collaterally attack his sentence and because *United States v. Booker,* 125 S.Ct. 738 (2005), did not apply retroactively. Mr. Guzman now seeks a COA that would allow him to appeal from the district court's order which denied his habeas corpus petition under 28 U.S.C. § 2255.

# II. Discussion

The denial of a motion for relief under 28 U.S.C. § 2255 may be appealed only if the district court or this Court first issues a COA. 28. U.S.C. § 2253(c)(1)(B). A COA will issue "only if the applicant has made a substantial

showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to make such a showing, a petitioner must demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks and citation omitted).

In his request for a COA, Mr. Guzman contends that the sentencing enhancement he received based on facts found by a judge under a preponderance of the evidence standard, as opposed to being found by a jury under a beyond a reasonable doubt standard, is constitutional error remediable on collateral review. He claims that the Supreme Court's decisions in *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 543 U.S. 220 (2005), apply retroactively to invalidate his sentence. While Mr. Guzman acknowledges that this Circuit has held that "*Booker* does not apply retroactively to initial habeas petitions," *United States v. Bellamy*, 411 F.3d 1182, 1186 (10th Cir. 2005), he argues that that holding is limited to cases concerning the allocation of fact-finding between judge and jury. Specifically, Mr. Guzman contends that there are two procedural protections for sentencing provided by the *Blakely/Booker* holdings: (1) that a jury, not a court, should conduct the fact-finding relative to sentencing and (2) that facts should be found beyond a reasonable doubt, not by a preponderance of

the evidence. Mr. Guzman argues that *Bellamy* concerns only the first of the two *Booker* protections because *Bellamy* relies on *Schriro v. Summerlin*, 542 U.S. 348, 353 (2004), which only addressed the retroactive application of *Booker* in the context of judicial factfinding.

This argument, however, is flawed because Mr. Guzman's characterization of the *Booker* holding is inaccurate. Mr. Guzman contends that, under *Booker*, facts used by a judge in sentencing must be proven beyond a reasonable doubt. But as this Court held in *United States v. Magallanez*, "[b]oth before and under the [Federal Sentencing] Guidelines, facts relevant to sentencing have generally been found by a preponderance of the evidence" and "[n]othing in *Booker* changes this analysis." 408 F.3d 672, 684 (10th Cir. 2005) (citing *United States v. Watts*, 519 U.S. 148, 155 (1997)). Mr. Guzman's characterization of *Booker* is inaccurate, and *Bellamy's* blanket statement that "*Booker* does not apply retroactively to initial habeas petitions" stands. Thus, Mr. Guzman cannot challenge his sentence under *Booker*, as *Booker* does not apply retroactively to collateral petitions.

Accordingly, we **DENY** Adam Grabel Guzman's request for a COA and **DISMISS** this appeal.

Entered for the Court,

Michael W. McConnell

-4-

Circuit Judge