**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**March 15, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

CARL E. WALTON,

    Defendant-Appellant.

No. 05-3414

(D.C. Nos. 03-CV-20041-01-JWL
& 05-CR-3076-JWL)

(D. Colorado)

**ORDER**[*]

Before **HENRY, BRISCOE,** and **O'BRIEN**, Circuit Judges.

Carl Walton, a federal prisoner appearing pro se, seeks a certificate of

appealability (COA) in order to challenge the district court's order denying his 28 U.S.C.

§ 2255 motion to vacate, set aside, or correct his sentence. Because Walton has failed to

make "a substantial showing of the denial of a constitutional right," 28 U.S.C. §

2253(c)(2), we deny his request and dismiss the appeal.

On November 24, 2003, Walton pled guilty to one count of distributing five grams

or more of cocaine base in violation of 21 U.S.C. § 841(a)(1). Walton was sentenced on

---

[*]This order is not binding precedent, except under the doctrines of law of the case,
res judicata, and collateral estoppel.

February 9, 2004, to a term of imprisonment of 188 months, and judgment was entered in his case February 11, 2004. Walton did not file a direct appeal. On February 9, 2005, Walton filed a § 2255 motion arguing that he was entitled to resentencing in light of the Supreme Court's decisions in Blakely v. Washington, 124 S.Ct. 2531 (2004), and United States v. Booker, 125 S.Ct. 738 (2005). The district court denied Walton's motion, concluding that neither Blakely nor Booker applied retroactively to Walton's case, which became final prior to the issuance of both decisions. The district court subsequently denied Walton's request for a COA. Walton has now renewed his request with this court.

The denial of a motion for relief under § 2255 may be appealed only if the district court or this court first issues a COA. 28 U.S.C. § 2253(c)(1)(B). A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Here, the district court's procedural dismissal of Walton's § 2255 motion was clearly correct. As noted by the district court, we have held that neither Blakely nor Booker apply retroactively to convictions, such as Walton's, that were final at the time

these cases were decided. <u>See</u> <u>United States v. Price</u>, 400 F.3d 844, 849 (10th Cir.2005) (holding <u>Blakely</u> does not apply retroactively to convictions that were final when that case was decided on June 24, 2004) and <u>United States v. Bellamy</u>, 411 F.3d 1182, 1186-87 (10th Cir. 2005) (holding that <u>Booker</u> does not apply retroactively to convictions that were final at the time it was decided on January 12, 2005).

The request for a COA is DENIED and the appeal is DISMISSED.


Entered for the Court


Mary Beck Briscoe
Circuit Judge