**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**March 28, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

RAY LEE D'ARMOND, JR.,

    Defendant-Appellant.

No. 05-3387
(District of Kansas)
(D.C. Nos. 05-CV-3179-SAC and
98-CR-40076-SAC)

**ORDER**

Before **MURPHY**, **SEYMOUR** and **McCONNELL**, Circuit Judges.

Ray Lee D'Armond, Jr., a federal inmate appearing *pro se*, seeks to appeal the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. The matter is before this court on D'Armond's request for a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B) (providing no appeal may be taken from a "final order in a proceeding under section 2255" unless the movant first obtains a COA). Because D'Armond has not made a "substantial showing of the denial of a constitutional right," this court **denies** his request for a COA and dismisses this appeal. 28 U.S.C. § 2253(c)(2) (providing

that a COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right").

On November 18, 1998, the grand jury issued a superseding indictment charging D'Armond with seven counts of drug and firearm violations. D'Armond eventually pleaded guilty to the first count, conspiracy to manufacture methamphetamine, and the government agreed to dismiss the remaining counts. On May 12, 2000, the district court entered judgment against D'Armond and sentenced him to a 108-month term of imprisonment. D'Armond filed the instant § 2255 motion on April 18, 2005, asserting that the district court improperly enhanced his sentence through the utilization of judge-found facts in violation of *United States v. Booker*, 125 S. Ct. 738 (2005). The district court concluded D'Armond's motion was time-barred pursuant to the provisions of § 2255 para. 6. In so ruling, the district court specifically rejected D'Armond's contention that his motion was timely because it was brought within one year of the Supreme Court's decision in *Booker*. *See* 28 U.S.C. § 2255 para. 6(3) (providing that a § 2255 motion is timely if it is filed within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review"). The district court ruled that § 2255 para. 6(3) did not apply because the Supreme Court has not made *Booker* retroactively

applicable to cases on collateral review. Instead, as noted by the district court, this court has specifically held that *Booker* does not apply on collateral review. *United States v. Bellamy*, 411 F.3d 1182, 1188 (10th Cir. 2005).

This court cannot grant D'Armond a COA unless he can demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted). In evaluating whether D'Armond has carried his burden, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003). D'Armond is not required to demonstrate that his appeal will succeed to be entitled to a COA. He must, however, "prove something more than the absence of frivolity or the existence of mere good faith." *Id.* (quotations omitted).

This court has reviewed D'Armond's application for a COA and appellate brief, the district court's order, and the entire record on appeal pursuant to the framework set out by the Supreme Court in *Miller-El* and concludes he is not entitled to a COA. The district court's resolution of D'Armond's claim is not reasonably subject to debate and the claim is not adequate to deserve further proceedings. This court has specifically and explicitly held that *Booker* does not

apply retroactively on collateral review. *Bellamy*, 411 F.3d at 1188. Accordingly, § 2255 para. 6(3) does not apply and D'Armond's motion is untimely pursuant to § 2255 para. 6(1). D'Armond has not "made a substantial showing of the denial of a constitutional right" and is not entitled to a COA. 28 U.S.C. § 2253(c)(2).

This court **DENIES** D'Armond's request for a COA and **DISMISSES** this appeal.

Entered for the Court
ELISABETH A. SHUMAKER, Clerk


By
      Deputy Clerk