**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**April 17, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

RAYNALDO J. MORALES, SR.,

Defendant-Appellant.

No. 05-3214
(D.C. No. 05-CV-3162-MLB)
(Kansas)

**ORDER**

Before **MURPHY**, **SEYMOUR**, and **McCONNELL**, Circuit Judges.

Raynaldo J. Morales, a federal prisoner proceeding *pro se*, seeks a certificate of appealability (COA) from our court to challenge the district court's dismissal of his 28 U.S.C. § 2255 petition. Exercising jurisdiction pursuant to 28 U.S.C. §§ 1291, 2253(c), and construing Mr. Morales' *pro se* filings liberally, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), we conclude jurists of reason would not find debatable the district court's rejection of Mr. Morales' request for relief. We therefore deny his application for a COA.

Mr. Morales pled guilty in April 2002 to a charge of possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1). In July of that year he was sentenced, in part, to 168 months of imprisonment, followed by eight years of

supervised release. Mr. Morales did not file a direct appeal. In March 2005, he filed a petition under 28 U.S.C. § 2255, claiming his sentence violated the Sixth Amendment under the trio of cases *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 543 U.S. 220 (2005). The district court dismissed Mr. Morales' petition on the basis that those Supreme Court decisions are not retroactive and his claim was therefore barred on collateral review. The court did not grant a certificate of appealability to Mr. Morales. *See* 10th Cir. R. 22.1(C) ("Failure of the district court to issue a certificate of appealability within thirty days of filing the notice of appeal shall be deemed a denial."). The district court did, however, grant Mr. Morales' request to proceed *in forma pauperis*. Mr. Morales filed an application for a COA with this court.

A COA should issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Based on our review of the district court's ruling, the record on appeal and Mr. Morales' submissions to our court, we do not think jurists of reason would find debatable the district court's dismissal of Mr. Morales' petition. Neither *Apprendi*, *Blakely*, nor *Booker* announced new rules of constitutional law made retroactive by the Supreme Court to collateral review. *See United States v. Bellamy*, 411 F.3d 1182, 1188 (10th Cir. 2005); *United States v. Price*, 400 F.3d 844, 849 (10th

Cir. 2005); *United States v. Mora*, 293 F.3d 1213, 1219 (10th Cir. 2002).

We therefore **DENY** Mr. Morales' application for a COA and **DISMISS** his

appeal.

SUBMITTED FOR THE COURT

Stephanie K. Seymour
Circuit Judge