**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**May 23, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

EMILIO ESCAMILLO,

      Defendant-Appellant.

No. 05-1311

District of Colorado

(D.C. No. 04-CV-2201 WDM and
03-CR-69 WDM)

---

**ORDER**[*]

---

Before **MURPHY**, **SEYMOUR**, and **McCONNELL**, Circuit Judges.

Emilio Escamillo, a federal prisoner proceeding *pro se*, seeks a certificate

of appealability (COA) that would allow him to appeal the district court's order

denying his habeas corpus petition under 28 U.S.C. § 2255. *See* 28 U.S.C. §

2253(c)(1)(B). Because we conclude that Mr. Escamillo has failed to make "a

substantial showing of the denial of a constitutional right," we **DENY** his request

for a COA and dismiss the appeal. *Id.* § 2253(c)(2).

---

[*]This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel.

## I. Background

Mr. Escamillo was charged with four counts of violating federal law: one count of conspiracy to distribute 500 grams or more of a cocaine mixture (Count One); one count of possessing with intent to distribute cocaine (Count Two); one count of using and carrying a firearm in furtherance of drug trafficking (Count Four); and one count of being a felon in possession of a firearm (Count Five). He pleaded guilty to the two drug counts and a jury acquitted him of the remaining firearm charges. Mr. Escamillo was sentenced to 60 months' imprisonment on each of the drug counts, the sentences to be served concurrently. In ascertaining the sentencing guidelines range, the district court found that Mr. Escamillo possessed a firearm in connection with the offense, and therefore increased his base offense level by two levels. Even with the firearm enhancement, Mr. Escamillo received the mandatory statutory minimum sentence as to both Count One and Count Two. Mr. Escamillo, through his attorney, filed a motion to amend the judgment to remove the firearm enhancement even though it would not reduce his sentence. The district court denied the motion. Mr. Escamillo did not appeal.

On October 22, 2004, Mr. Escamillo, represented by counsel, filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. In the motion, Mr. Escamillo argued that the two-level increase for possession of a firearm violated *Blakely v. Washington*, 542

U.S. 296 (2004). Subsequently, on March 1, 2005, Mr. Escamillo sent a letter to the district court judge complaining that Mr. Escamillo's attorney did not include an issue that Mr. Escamillo had directed his attorney to raise in the § 2255 motion. In the letter, Mr. Escamillo stated, "I was denied my right to a first appeal based on erroneous information and that under the circumstances my right to a first direct appeal should be reinstated. Thus far my attorney has refused to present this ground because *he* believes it to be frivolous." R. Doc. 136. This letter was provided only to the district court, not to government counsel. The district court ordered the government to respond to Mr. Escamillo's § 2255 motion. In a second letter to the district court, dated March 21, 2005, Mr. Escamillo thanked the district court judge for ordering the government to respond to his § 2255 motion. Mr. Escamillo also noted his concern that the government was not instructed to respond to his argument that he was denied the right to a direct appeal. He informed the court:

> I do not want the government to later claim that I did not raise the matter of my being denied my right to a first appeal. I ask the Court to "liberally" construe my letter to the Court dated March 1, 2005 as a supplement to the pending Section 2255 motion as allowed by Rule 15(a) of the Federal Rules of Civil Procedure and as provided by *Haines v. Kerner*, 404 U.S. 519 (1972).

R. Doc. 138.

In denying Mr. Escamillo's § 2255 motion, the district court held that *Blakely* did not apply retroactively to convictions that were final at the time

*Blakely* was decided. The court did not address Mr. Escamillo's claim, raised in his *ex parte* letters to the district court, that he was denied the right to a direct appeal. The district court denied Mr. Escamillo's request for a COA. Mr. Escamillo now asks this Court to grant his request for a COA or to order a summary remand to the district court because he was denied the right to a direct appeal.

## II. Discussion

The denial of a motion for relief under 28 U.S.C. § 2255 may be appealed only if the district court or this Court first issues a COA. 28 U.S.C. § 2253(c)(1)(B). A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to make such a showing, a petitioner must demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (internal quotation marks omitted).

We turn first to Mr. Escamillo's request that we summarily remand this case back to the district court because he was denied the opportunity for a direct appeal. This Court will not address an issue raised for the first time on appeal. *United States v. Moore*, 22 F.3d 241, 243 n.3 (10th Cir. 1994). Anticipating this result, Mr. Escamillo claims that his March 1, 2005 letter, which informed the

court of his lawyer's failure to argue that he was denied a direct appeal, was sufficient to amend his § 2255 motion. Mr. Escamillo correctly asserts that Federal Rule of Civil Procedure 15(a) provides liberal standards for amending a pleading: before a responsive pleading is filed a party may amend a pleading at any time without leave of court, and after a responsive pleading is filed leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a); *see also Rutledge v. United States*, 230 F.3d 1041, 1051 (7th Cir. 2000) ("Until a final ruling has been issued, a district court must consider a petitioner's request to amend his § 2255 motion, though the court need not grant the requested amendments."). Thus, if Mr. Escamillo properly sought to amend his § 2255 petition to include a claim that he was denied the right to a direct appeal, the district court was required, at a minimum, to consider his request to amend.

However, Mr. Escamillo's letters to the district court were not motions to amend his initial § 2255 petition. His private March 1, 2005 letter to the judge was a "complaint" that his attorney did not include an issue that he wished to raise. R. Doc. 136. It was not styled as a motion to amend and did not ask the court to amend the earlier petition. His second letter, dated March 21, 2005, did ask the court to "'liberally' construe [his previous letter] as a supplement to the pending Section 2255 motion as allowed by Rule 15(a) of the Federal Rules of Civil Procedure." R. Doc. 138. Like the first letter, however, the second letter was not styled as a motion to amend and was not provided to opposing counsel.

Because Mr. Escamillo was represented by counsel when he submitted the letters, the rule that *pro se* pleadings are interpreted liberally was inapplicable to him. *See Rutledge*, 230 F.3d at 1052 (finding that a habeas petitioner who was represented by counsel was not entitled to have the district court liberally construe letters mailed to the district court as motions to amend). Mr. Escamillo was aware that his lawyer was not following his instructions with respect to that claim. Mr. Escamillo was therefore confronted with several options: he could ask his lawyer for instructions on how to file a *pro se* supplemental brief, he could find a new lawyer who would follow his requests, or he could fire his lawyer and proceed *pro se*. Because Mr. Escamillo chose to retain his lawyer despite the lawyer's failure to follow Mr. Escamillo's instructions, Mr. Escamillo was not entitled to have the district court liberally construe his letter as a motion to amend. Accordingly, there was no motion to amend before the district court, the district court did not err in not considering Mr. Escamillo's claim that he was denied a direct appeal, and we will not consider the issue because it was raised for the first time on appeal.

Next, Mr. Escamillo argues that his conviction was "obtained by a plea of guilty without understanding the consequences of his plea." Opening Br. 11. Mr. Escamillo did not present this issue to the district court in his initial § 2255 petition. Because he failed to raise this issue in the district court, we will not consider it on appeal. *Moore*, 22 F.3d at 243 n.3.

Finally, he contends that the sentencing court's decision to increase his base offense level for possession of a firearm violated the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005). However, neither *Booker* nor *Blakely* apply retroactively to cases on collateral review. *United States v. Bellamy*, 411 F.3d 1182, 1186 (10th Cir. 2005). Because his conviction became final before either decision was issued, Mr. Escamillo cannot challenge his sentence under either *Booker* or *Blakely*.

Accordingly, we **DENY** Emilio Escamillo's request for a COA and **DISMISS** this appeal.

Entered for the Court,

Michael W. McConnell
Circuit Judge