**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**May 25, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

EDDIE GIOVANNI DE LEON-
FERNANDEZ,

Defendant-Appellant.

No. 05-2355

(D. of N.M.)

(D.C. No. CIV-05-982-JP and
CR-04-1180-JP)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **TACHA**, Chief Judge, **HARTZ**, and **TYMKOVICH**, Circuit Judges.[**]

Eddie Giovanni De Leon-Fernandez, a federal prisoner, seeks a Certificate

of Appealability (COA) to appeal the denial of his Motion To Vacate Or Reduce

Sentence pursuant to 28 U.S.C. § 2255. Since he appears *pro se*, we construe De

Leon-Fernandez's pleadings liberally. *See Cummings v. Evans*, 161 F.3d 610, 613

---

[*] This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders; nevertheless, an order may be cited under the terms and
conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

(10th Cir. 1998).  We agree with the district court that a COA should not issue because De Leon-Fernandez has not made a substantial showing of the denial of a constitutional right.  Accordingly, we DENY the COA and DISMISS his appeal.

## I.  Background

In 1996, De Leon-Fernandez was convicted of dealing in heroin, an aggravated felony.  He was deported from the United States to Guatemala in August of 2001.  After he returned illegally to the United States, De Leon-Fernandez was charged with re-entry of a deported alien previously convicted of an aggravated felony in violation of 8 U.S.C. §§ 1326(a)(1)-(2) and (b)(2).  With assistance of trial counsel, he pleaded guilty to this charge and was sentenced to 46 months of confinement followed by two years of supervised release.

De Leon-Fernandez, appearing *pro se*, filed a Motion To Vacate Or Reduce Sentence pursuant to 28 U.S.C. § 2255 in United States District Court for the District of New Mexico.  In the motion, De Leon-Fernandez claimed that his constitutional rights had been violated by the ineffective assistance of his counsel.  Specifically, De Leon-Fernandez asserted that his lawyer should have argued for a lower sentence under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 543 U.S. 220 (2005).  The district court denied De Leon-Fernandez's petition based on the fact that no showing was made that his sentencing would have been different if his

attorney had made the arguments raised in his § 2255 motion. The district court also denied his request for a COA. De Leon-Fernandez raises the same issues on appeal to this court.

## II. Analysis

A circuit court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a district court "has rejected the constitutional claims on the merits," an applicant meets this standard by "demonstrat[ing] that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). In conducting our analysis, we need only engage in "an overview of the claims in the . . . petition and a general assessment of their merits" rather than "full consideration of the factual or legal bases adduced in support of the claims." *Miller-El*, 537 U.S. at 336.

Reasonable jurists would not find the district court's ruling on De Leon-Fernandez's constitutional claims disputable or incorrect. The district court ruled that *Apprendi* and *Blakely* could not affect De Leon-Fernandez's sentence because they apply to state rather than federal sentences. *See Blakely*, 542 U.S. at 305. The district court also held that *Booker* could not change De Leon-Fernandez's sentence because its holding was retroactive only to cases on direct review. *See Booker*, 543 U.S. at 266. And we have held that *Booker* is not

-3-

retroactive in cases on collateral review. *United States v. Bellamy*, 411 F.3d 1182, 1188 (10th Cir. 2005). Reasonable jurists therefore would not debate whether the district court's analysis was "contrary to . . . clearly established Federal law." *See* 28 U.S.C. § 2254(d)(1); *Strickland v. Washington*, 466 U.S. 668, 697 (1984). Accordingly, we adopt the district court's reasoning.

### III.  Conclusion

For these reasons, De Leon-Fernandez has failed to make a sufficient showing that he is entitled to a COA. Accordingly, we DENY De Leon-Fernandez's application for a COA and DISMISS this appeal.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge