**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**October 12, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BERNARDO RODRIGUEZ,

Defendant - Appellant.

No. 05-2379
(D. Ct. Nos. CIV-05-255-JP/RLP and
CR-01-1616 JP)
(D. N. Mex. )

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **TACHA**, Chief Judge, **HARTZ**, and **TYMKOVICH**, Circuit Judges.[**]

Defendant-Appellant Bernardo Rodriguez, a federal prisoner proceeding pro se,

seeks a certificate of appealability ("COA") to appeal from the District Court's denial of

his habeas corpus petition brought under 28 U.S.C. § 2255. *See* 28 U.S.C. § 2253(c)(1) (a

petitioner may not appeal the denial of habeas relief under § 2255 unless a COA is

issued). Because Mr. Rodriguez has failed to make "a substantial showing of the denial

---

[*]This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

of a constitutional right," 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), we deny a COA and dismiss the appeal.

In 2002, Mr. Rodriguez was convicted of distributing 50 or more grams of a substance containing cocaine base and for conspiracy to commit that offense; he was sentenced to 188 months' imprisonment. The actions that formed the basis for his conviction came about when Detective Art Gamboa of the Albuquerque Police Department performed a controlled buy of crack-cocaine from Mr. Rodriguez and two co-conspirators. On October 30, 2001, Detective Gamboa contacted Oscar Chacon to inquire whether he could buy crack-cocaine from him. Mr. Chacon told him that he could and to meet him as his house. When Detective Gamboa arrived at Mr. Chacon's house later that day, Mr. Chacon asked to borrow Detective Gamboa's cell phone; after using it, Mr. Chacon said that the drugs would be there shortly. Mr. Rodriguez and Jesus Falls arrived approximately thirty minutes later. They then made a deal to sell Detective Gamboa $4,200 worth of crack-cocaine. During the transaction, Detective Gamboa was equipped with a radio transmitter so that the conversation between him, Mr. Rodriguez, and his co-conspirators could be recorded. The recording was not introduced at trial, however, as it was largely unintelligible or inaudible. A panel of this Court affirmed Mr. Rodriguez's conviction and sentence on direct appeal. *See United States v. Rodriguez*, 90 Fed. App'x 351 (10th Cir. 2004) (unpublished).

Mr. Rodriguez then filed his § 2255 petition in the District Court, arguing that he received ineffective assistance of counsel because his counsel failed to introduce

impeaching and exculpatory evidence at trial. The District Court denied his petition and denied a COA. In Mr. Rodriguez' application for COA before this court, he reasserts his ineffective assistance of counsel claims and he also contends that his sentence violates the Sixth Amendment as stated in *United States v. Booker*, 543 U.S. 220 (2005). We address each issue in turn.

In order to prevail on an ineffective assistance of counsel claim, Mr. Rodriguez must show that his counsel's conduct "fell below an objective standard of reasonableness" and that such deficient performance resulted in prejudice to the defense—that is, "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). Mr. Rodriguez first contends that his counsel was ineffective for failing to introduce into evidence the tape-recorded conversation because it would have proven Detective Gamboa's testimony at trial to be false.

Mr. Rodriguez has failed to show that his counsel's failure to introduce either the recording or a transcript of the recording fell below an objective standard of reasonableness or that any deficient performance prejudiced him. He does not contest that the recording was largely unintelligible. Nor does he identify which of the intelligible portions of the recording would have favored his defense. He merely claims that the portions of it that were intelligible "could have made a substantial differen[ce]" for him. This conclusory allegation does not satisfy his burden to make a substantial showing of the denial of a constitutional right. *See Hall v. Bellmon*, 935 F.2d 1106, 1110

(10th Cir. 1991) (ruling that even pro se plaintiffs must allege sufficient facts on which a recognized legal claim can be based; conclusory allegations will not suffice).

Second, Mr. Rodriguez argues that his counsel was ineffective for failing to introduce Mr. Gamboa's phone records into evidence to show that no call was placed to Mr. Rodriguez or Mr. Falls during the controlled buy. Again we conclude that Mr. Rodriguez has failed to show deficient performance that prejudiced him. The Government never alleged at trial that Mr. Chacon called either Mr. Rodriguez or Mr. Falls. Rather, the Government argued that Mr. Chacon called someone to check on the status of the drug deal and that person assured him that the drugs would be there shortly. Indeed, the drugs were there shortly as Mr. Rodriguez and Mr. Falls arrived within thirty minutes. That the phone records may have revealed that the call was not placed to Mr. Rodriguez or Mr. Falls, but to a fourth party involved in the transaction, does not create a reasonable probability that, but for counsel's failure to introduce the records, the result of the proceeding would have been different.

Third, Mr. Rodriguez argues that his counsel was ineffective for failing to introduce evidence from a fingerprint expert that his prints were neither found on the plastic bag containing the crack-cocaine or on a gun located at the scene. Again, there is no basis for relief. Prior to trial, the Government and Mr. Rodriguez stipulated to the fact that his prints were not found on the plastic bag. Furthermore, Mr. Rodriguez was acquitted of a firearm charge. As such, he could not have been prejudiced by counsel's failure to call the witness.

Finally, Mr. Rodriguez argues that under *Booker*, 543 U.S. 220, his sentence violates the Sixth Amendment because it was based on facts not found by the jury beyond a reasonable doubt. *Booker*, however, does not apply retroactively to cases on collateral review. *United States v. Bellamy*, 411 F.3d 1182, 1188 (10th Cir. 2005). Accordingly, we DENY Mr. Rodriguez's request for a COA, GRANT leave to proceed *in forma pauperis*, and DISMISS the appeal.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge