**F I L E D**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**TENET CIRCUIT**

**April 14, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

BERT SANDERS,

    Defendant - Appellant.

No. 05-1482
(D.C. No. 05-CV-01667-LTB)
(D. Colo.)

**ORDER**
**DENYING CERTIFICATE OF APPEALABILITY**

Before **KELLY**, **McKAY**, and **LUCERO**, Circuit Judges.

Defendant-Appellant Bert Sanders, a federal inmate appearing pro se, seeks a certificate of appealability (COA) allowing him to appeal the district court's denial of his 28 U.S.C. § 2255 motion. The district court denied the motion as time-barred under the one-year limitation period of 28 U.S.C. § 2255. Our jurisdiction arises under 28 U.S.C. §§ 1291 and 2253(a), and as we determine that Mr. Woods has not made a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000), we deny a COA and dismiss the appeal.

Mr. Sanders was convicted following a jury trial of possession with intent

to distribute 500 grams or more of cocaine, and of possession with intent to distribute 50 grams or more of cocaine base. He was sentenced to 151 months imprisonment, and concurrent four- and five-year terms of supervised release. A panel of this court affirmed the conviction on direct appeal. See United States v. Sanders, 87 Fed. Appx. 83 (10th Cir. 2004) (unpublished). Mr. Sanders' judgment of conviction became final on June 14, 2004, when the Supreme Court denied his petition for a writ of certiorari. See Sanders v. United States, 542 U.S. 911 (2004).

On August 26, 2005, Mr. Sanders filed his § 2255 motion claiming: (1) denial of his right to trial by jury, due to the trial court's application of the Sentencing Guidelines; (2) ineffective assistance of appellate counsel; (3) ineffective assistance of trial counsel; and (4) failure of the prosecution to disclose favorable evidence.

As noted, the district dismissed Mr. Sanders' § 2255 petition as time-barred and concluded that equitable tolling was not appropriate in the absence of any argument by Mr. Sanders on the issue. Where a district court dismisses a § 2255 motion on procedural grounds, a COA requires the movant to demonstrate that it is reasonably debatable whether (1) the motion states a valid claim of the denial of a constitutional right, and (2) the district court's procedural ruling is correct. Slack, 529 U.S. at 484; Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).

On appeal, Mr. Sanders maintains that the district court should have held an evidentiary hearing so he could demonstrate his due diligence in seeking to have counsel file a § 2255 motion and counsel's failure to follow through. As there is no right to counsel in collateral proceedings, Pennsylvania v. Finley, 481 U.S. 551, 555 (1987), it would take truly extraordinary circumstances beyond the control of Mr. Sanders to demonstrate equitable tolling on this basis. As for Mr. Sanders' Sixth Amendment argument, we once again repeat that United States v. Booker, 543 U.S. 220 (2005), does not apply retroactively to cases on collateral review. United States v. Bellamy, 411 F.3d 1182, 1186 (10th Cir. 2005). As for Mr. Sanders' remaining claims, those are clearly barred by the one-year statute of limitations in § 2255, and the district court's resolution is not reasonably debatable.

We DENY a COA, IFP, and DISMISS the appeal.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge