FILED
United States Court of Appeals
Tenth Circuit

August 9, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ANTHONY WAYNE SELLS,

    Defendant - Appellant.

No. 10-7021
(D.C. No. 09-CV-00366-RAW)
(E.D. Okla.)

---

**ORDER
DENYING CERTIFICATE OF APPEALABILITY**

---

Before **KELLY**, **EBEL**, and **LUCERO**, Circuit Judges.

Anthony Wayne Sells, a federal inmate appearing pro se, seeks a certificate of appealability ("COA") so that he may challenge the district court's denial of his 28 U.S.C. § 2255(a) motion to vacate, set aside, or correct his sentence. Mr. Sells has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Therefore, we deny his request for a COA and dismiss the appeal.

We recounted the facts underlying Mr. Sells's case on direct appeal and need not restate them here. See United States v. Sells, 477 F.3d 1226 (10th Cir. 2007). Mr. Sells was convicted on various counts relating to his participation in a large-scale methamphetamine conspiracy. Id. at 1234. The district court

sentenced to him to 300 months' imprisonment.  Id.  His convictions and sentences were affirmed on direct appeal.  Id. at 1242.  On September 24, 2009, Mr. Sells filed his § 2255 motion, arguing, *inter alia*, excessive sentence and ineffective assistance of counsel.  R. 45-63.  Although Mr. Sells conceded that his motion was filed after the one-year statute of limitations expired on May 30, 2008, R. 89-90, he argued that he was entitled to equitable tolling because he believed his direct appeal counsel was preparing and timely filing his § 2255 motion, R. 90-91.  Mr. Sells learned that the motion had not been filed when he called the court to check the status of his motion on June 4, 2009 — more than a year after the statute of limitations had expired.  R. 68.

Mr. Sells and his mother claim that they had discussed filing a § 2255 motion with counsel who had agree to do so in a timely manner.  R. 64-69. Counsel disputed these allegations, stating that he had not been retained or appointed to represent Mr. Sells on collateral review and had not discussed filing such a motion with either Mr. Sells or his mother.  R. 80-82.  After considering affidavits from Mr. Sells, his mother, and counsel, the district court found that counsel was not Mr. Sells's attorney for post-conviction purposes.  R. 96.  The district court concluded that Mr. Sells's motion was time-barred and denied his request for an evidentiary hearing.  R. 95-97.  The district court further determined that equitable tolling did not apply because Mr. Sells failed to show the due diligence necessary to justify equitable tolling.  R. 96.

Equitable tolling applies to the timeliness provision in the federal habeas statute. Holland v. Florida, 130 S. Ct. 2549, 2560 (2010). Mr. Sells must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. at 2562 (internal quotation marks and citation omitted); Clark v. Oklahoma, 468 F.3d 711, 714 (10th Cir. 2006). As there is no right to counsel in collateral proceedings, Pennsylvania v. Finley, 481 U.S. 551, 555 (1987), it would take truly extraordinary circumstances to demonstrate equitable tolling on this basis. Accord United States v. Sanders, 175 F. App'x 977, 977-78 (10th Cir. 2006). Mr. Sells argues that the district court should have held an evidentiary hearing so he could demonstrate that he sought to have counsel file a § 2255 motion and counsel failed to follow through. Aplt. Br. 2. We need not reach this issue, however, because we agree that Mr. Sells has not shown that he diligently pursued his claims. Waiting over a year past the limitations deadline to determine whether counsel filed a motion does not support diligence.

Where a district court dismisses a § 2255 motion on procedural grounds, a COA requires the movant to demonstrate that it is reasonably debatable whether (1) the motion states a valid claim of the denial of a constitutional right, and (2) the district court's procedural ruling is correct. Miller-El v. Cockrell, 537 U.S. 322, 327 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000). The district court's procedural ruling concerning the time bar is not reasonably debatable. We

need not address whether Mr. Sells's substantive claims pose reasonably debatable issues.  <u>Slack</u>, 529 U.S. at 484.

We DENY a COA and DISMISS the appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge